

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. N. Carter
County Attorney
Mitchell County
Colorado City, Texas

Dear Sir:

Opinion No. O-4831
Re: Commissioners' Court of Mitchell
County and City of Colorado City
may not jointly purchase build-
ing for municipal purposes under
facts stated and assumed.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Under Article 1576 Revised Civil Statutes,
I have rendered to the Commissioners Court of
this county an opinion in which I held that the
county could not jointly with the City of Colorado
City, this county, buy real estate for county
and city uses.

"The facts are these: The county, through
and by its Commissioners court, acting with the
City Council of Colorado City, seeks to buy a
building within the city limits for the use of
the county and the city, and wholly for munici-
pal purposes; to be purchased by the county with
time warrants, the city to pay its half in the
way decided upon by its City Council.

"The Article referred to does not say any-
thing relative to a joint purchase by county.
Neither does it provide for the manner in which
such real estate may be paid for by the county.

"Our Commissioners have requested a ruling
and advices from your office regarding the proposed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. N. Carter, Page 2

purchase. Will you kindly and promptly furnish
such letter of opinion to us?

". . . ."

Article 1576, Vernon's Annotated Texas Civil Stat-
utes, referred to in your letter, reads as follows:

"All deeds, grants and conveyances hereto-
fore or hereafter made and duly acknowledged, or
proven, and recorded as other deeds of convey-
ance, to any county, or to the courts or commis-
sioners of any county, or any other person or
persons, by whatever form of conveyance, for the
use and benefit of any county, shall be good and
valid to vest in such county in fee simple or
otherwise all such right, title, interest and
estate as the grantor in any such instrument had
at the time of the execution thereof in the lands
conveyed and was intended thereby to be conveyed."

The commissioners' court is a court of limited
power and jurisdiction, and has no powers or duties except
those which are clearly set forth and defined in the consti-
tution and statutes. The statutes have clearly defined the
powers, prescribed the duties, and imposed the liabilities
of the commissioners' courts, the medium through which the
different counties act, and from these statutes must come
all the authority vested in the county. 11 Tex. Jur., p. 563.

The authority of the commissioners' court as the
governing body of a county to make contracts in its behalf
is strictly limited to that conferred either expressly or
by fair or necessary implication by the constitution and laws
of this State. If the commissioners' court acts without au-
thority in making a contract, the county is not bound by its
action. 11 Tex. Jur., p. 632.

Article 4434, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"The municipal authorities of towns and cities,
and commissioners courts of the counties wherein
such towns and cities are situated, may co-operate
with each other in making such improvements con-
nected with said towns, cities and counties as said

authorities and courts may deem necessary to improve the public health and to promote efficient sanitary regulations; and, by mutual arrangement, they may provide for the construction of said improvements and the payment therefor."

Article 2356, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Said court may erect bridges within the corporate limits of any city or town to the same extent and under the same conditions now prescribed by law for the construction of bridges outside the limits of any city or town. Said court and the governing body of any city or town may cooperate in the erection of a bridge within the corporate limits of a city or town, and jointly erect such bridge upon terms and conditions mutually agreed upon; and either or both the city and county may issue its bonds to pay its proportionate part of the debt by complying with the requirements of the law regulating the issuance of bonds by counties and cities and towns."

Article 4492, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Any commissioners court may co-operate with and join the proper authorities of any city having a population of ten thousand persons or more in the establishment, building, equipment and maintenance of a hospital in said city, and to appropriate such funds as may be determined by said court, after joint conference with the authorities of such city or town, and the management of such hospital shall be under the joint control of such court and city authorities."

Article 6081e, Vernon's Annotated Texas Civil Statutes, provides, among other things, that counties and incorporated cities, either independently or in co-operation with each other, or with the State Parks Board, may acquire by gift, purchase or condemnation proceedings, lands to be used for public parks and playgrounds.

Opinion No. O-2201 of this department holds among other things, that the commissioners' court is not authorized to enter into a contract and partnership with a city and expend county funds for the construction and equipment of a city-county jail. We enclose herewith a copy of said opinion.

In your letter you state that the building is "to be used by the county and city wholly for municipal purposes". We assume from this statement that the proposed building will be a combination City Hall-Courthouse building designed for the purpose of housing the various city and county officials. If this assumption be correct it is our opinion that the commissioners' court of Mitchell County would not be authorized to expend county funds for such purpose. However if our assumption of the type of building and purposes thereof is not correct, we will be glad to consider your question further if you will give us full details of the type of building to be constructed and state fully the purposes for which it is to be used.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED SEP 14, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

WJF:mp
Encl.

